# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| TARA D. YOUGN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:11-cv-489-WTL-MJD |
| ) | |
| G.L.A. COLLECTION CO., INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ENTRY ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

This cause is before the Court on Defendant G.L.A. Collection Co., Inc.'s motion for judgment on the pleadings (dkt. no. 17). The motion is fully briefed, and the Court, being duly advised, **GRANTS** the Defendant's motion for the reasons set forth below.

## I. STANDARD

In reviewing a motion for judgment on the pleadings, the Court applies the same standard as that of a motion to dismiss under Rule 12(b)(6), and therefore takes the facts alleged in the complaint as true and draws all reasonable inferences in favor of the Plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

## II. BACKGROUND

Plaintiff Tara M. Young incurred a debt to The Care Group, P.C., who later retained Defendant G.L.A. Collection Co., Inc. ("GLA"), to collect on Young's debt.

On August 13, 2010, GLA sent a collection notice to Young. The notice included the validation notice required under the Fair Debt Collection Practice Act ("FDCPA"). Specifically, the Act provides that the debtor has 30 days from the receipt of the notice to dispute the validity of the debt.

On September 13, 2010, GLA sent a second collection notice to Young regarding the same account. This notice contained the same validation notice as the first letter, stating that the debtor had 30 days from the receipt of the notice to dispute the validity of the debt.

On September 29, 2010, Young filed a voluntary bankruptcy petition under Chapter 13.

Young now brings this action, alleging that, by sending the second collection notice, GLA violated the FDCPA, insofar as the second notice overshadows or contradicts the first collection notice, pursuant to 15 U.S.C. § 1692g. Young also alleges that GLA's actions violate 15 U.S.C. § 1692e, which prohibits the use of false, deceptive, or misleading representations or means in connection with the collection of any debt.

## III. DISCUSSION

The FDCPA provides that debt collectors shall send each debtor a written notice containing "a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, . . . the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a). If the debtor notifies the debt collector within 30 days that she wishes to

dispute the validity of the debt, the debt collector must stop collection of the debt until the debt collector obtains verification of the debt and mails the verification information to the debtor. 15 U.S.C. § 1692g(b). However, until the debtor notifies the debt collector of her desire to dispute the debt, the debt collector is free to take legal action. *See, e.g.*, *Bartlett v. Heibl*, 128 F.3d 497, 501 (7th Cir. 1997).

In determining whether collection letters violate the FDCPA, the Court analyzes the letters from the viewpoint of the "unsophisticated consumer or debtor." *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 415 (7th Cir. 2005).

## A. Section 1692g

A debt collector who has properly included a validation notice in its communications may nevertheless violate 1692g if other language in the initial communication, or language in a subsequent communication, is confusing; that is, it overshadows, contradicts, or fails to explain an apparent contradiction with, the validation notice.[1] *Bartlett*, 128 F.3d at 500. For example, confusion exists where a subsequent communication demands payment before the end of validation period and makes no reference to the validation period. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35-36 (2nd Cir. 1996). Similarly, where an initial communication provides conflicting deadlines for validation and payment and does not reconcile the deadlines, the debt collector has

---

[1] As the Seventh Circuit has recognized, these different terms can themselves be confusing and "rather unilluminating." *Bartlett*, 128 F.3d at 500. Indeed, a survey of cases reveals that there is little uniformity in defining overshadowing as opposed to contradicting, and so on. For this reason, the Court simply employs the term "confusion."

caused confusion that violates 1692g by failing to explain an apparent contradiction. *Bartlett*, 128 F.3d at 500.

Young attempts to place her situation in this line of cases by arguing that "an unsophisticated consumer would be confused as to the boundaries of the thirty day period [available for validation] where two letters, close in time, contained the same 30 day validation period."[2] Yet simple "confusion" in the colloquial sense is not legal "confusion" as contemplated in the FDCPA. Courts finding that a debt collector's communication is confusing have only done so when this confusion bears the potential to adversely affect the debtor. *See DiRosa v. North Shore Agency, Inc.*, 56 F.Supp.2d 1039, 1040 (N.D. Ill. 1999) ("We fail to see how plaintiff could be adversely confused in these circumstances."); *Wiener v. Bloomfield*, 901 F.Supp. 771, 775 (S.D.N.Y. 1995) ("The Act, however, is violated only when the conflicting deadlines are likely to confuse and discourage the consumer from exercising his statutory right to dispute the validity of the debt within thirty days."); *cf. Hahn v. Triumph Partnerships LLC,* 557 F.3d 755, 758 (7th Cir. 2009) (finding that, in the context of 1692e, "if a statement would not mislead the unsophisticated consumer, it does not violate the Act-even if it is false in some technical sense" (quotation marks and citation omitted)). In other words, the communication, or *mis*communication as the case may be, must be material. *See Hahn*, 557 F.3d at 757.

In the case of a subsequent communication not referencing the 30 day validation period, the potentially adverse effect lies in the debtor unintentionally forgoing her right to dispute the

---

[2] The Court assumes that what Young means to say is that the second letter proscribed a *new* 30-day period extending beyond expiration of the 30-day period referenced in the first letter.

debt. *See Russell*, 74 F.3d at 36 (finding that the "plaintiff would not realize she had a statutory right to dispute the debt within 30 days in the face of a second notice from the debt collector giving her only 25 days"). In the case of one communication presenting apparently conflicting deadlines, the risk is the same: the debtor misunderstands her rights and thereby forgoes exercising them. *See Bartlett*, 128 F.3d at 501 (finding that the debt collector's letter "leaves up in the air what happens if [the debtor] is sued on the eighth day, say, and disputes that debt on the tenth day. He might well wonder what good it would do him to dispute the debt if he can't stave off a lawsuit.").

The alleged confusion wrought by the letters Young received could not adversely affect the unsophisticated debtor; the discrepancy is immaterial. Receipt of the second notice, proscribing a second 30-day period for validation, does not in any way hamper the unsophisticated debtor's exercise of her right to request validation of the debt. Either the debtor would exercise her rights by requesting validation during the first 30-day period, during the second, or not at all.[3] While in *Bartlett* and *Russell* the confused unsophisticated debtor may have assumed that her right to request validation had expired before the statutory period, that risk is not present in this case; an unsophisticated debtor's confusion for its own sake will not suffice.

An alternative argument by Young bears mention. Citing *McMillan v. Collection Professionals, Inc.*, Young argues that because whether a communication is confusing is a fact-

---

[3] In providing an additional 30 days, the debt collector has simply provided *more* than the statutory minimum required by the FDCPA. A separate issue could arise if a debt collector sent a notice providing for an additional 30 days and then refused to honor the debtor's request for validation made during the second 30-day period. That is not this case.

-5-

based question, dismissal is inappropriate at this stage. 455 F.3d 754 (7th Cir. 2006). Yet *McMillan* also explains that a plaintiff's "bizarre, peculiar, or idiosyncratic interpretation of a collection letter" shall not be entertained. 455 F.3d at 758. "To that end, a mere claim of confusion is not enough: a plaintiff must show that the challenged 'language of the letters unacceptably increases the level of confusion.'" *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 415 (7th Cir. 2005) (citing *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999)). Thus, while GLA's two letters may cause confusion in the colloquial sense, the implausibility of these two letters causing confusion *that adversely affects the debtor* precludes Young from showing that her letters increase confusion to an unacceptable level as a matter of law.[4]

For these reasons, GLA's motion for judgment on the pleadings as to Young's claim pursuant to 15 U.S.C. § 1692g is **GRANTED**.

### B. Section 1692e

Section 1692e provides: "A debt collector may not use any false, deceptive, or misleading misrepresentation or means in connection with the collection of any debt." Young argues that, by sending a second communication, GLA violated this section. However, the standard for 1692e is "basically the same" as the standard for 1692g: "it requires a fact-bound determination of how an unsophisticated consumer would perceive the letter." *McMillan*, 455 F.3d at 759. Because the Court has found that as a matter of law Young cannot allege actionable

---

[4] The Court notes that *McMillan* applies the standard for dismissal later rejected by *Twombly*. Thus, while *McMillan* may have stood for the proposition that dismissal was only appropriate when there was no set of facts consistent with the pleadings under which the plaintiff could establish that the letters were confusing, *Twombly* modifies this standard: the plaintiff must plead facts that, when taken as true, would give rise to a plausible inference that the letters are confusing in a legal sense.

confusion, the Court similarly finds that Young cannot allege confusion cognizable under this section either. GLA's motion for judgment on the pleadings regarding Young's 1692e claim is accordingly **GRANTED**.

### IV. CONCLUSION

For the foregoing reasons, GLA's motion for judgment on the pleadings is **GRANTED** in its entirety.

SO ORDERED: 12/01/2011

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification